UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| PERPETUA-BURR OAK HOLDINGS OF ILLINOIS, LLC, et al., | ) ) ) | |
| | ) | Case No. 09 B 34022 |
| Debtor. | ) ) | |
| | ) | |
| PERPETUA-BURR OAK HOLDINGS OF ILLINOIS, LLC, et al., | ) ) ) | |
| | ) | Adv. No. 09 A 855 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| | ) | Judge Pamela S. Hollis |
| THELMA SMITH, TERRI BLANCARD AND BANK OF AMERICA, N.A., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter comes before the court on Plaintiff Perpetua-Burr Oak Holdings of Illinois, LLC's motion for judgment on the pleadings on Count I of its complaint against Thelma Smith and Terri Blanchard. The court entered a briefing schedule, with which both parties complied. For the reasons stated below, the court grants the motion.

### BACKGROUND

**Perpetua-Burr Oak Holdings of Illinois, LLC d/b/a Burr Oak Cemetery** (the "Debtor") was an Illinois limited liability company with its principal place of business located in Alsip, Illinois. It was the owner and operator of the Burr Oak Cemetery located at 4440 West 127th Street in Alsip (the "Real Property").

On May 22, 2007, Defendants filed a four-count complaint in the Circuit Court of Cook County, Illinois against a purported entity named **Chicago Burr Oak Cemetery Association, Inc.** and Truman K. Gibson, an individual, asserting claims for breach of contract, negligence and negligent infliction of emotional distress (the "State Court Action"). On February 4, 2008, Defendants filed an Amended Complaint asserting the same claims, but this time the only named defendant was a purported entity named **Burr Oak Holdings, LLC**. On March 27, 2008, Defendants filed another Amended Complaint again asserting the same claims, but this time the only named defendant was a purported entity named **Chicago Burr Oak Cemetery, LLC**. On January 7, 2009, Defendants filed a "Second Amended Complaint" against **Chicago Burr Oak Cemetery, LLC** asserting the same four underlying causes of action, but adding a few additional allegations against the named defendant.

On September 17, 2008, the Honorable Ronald Barkowicz entered an order of default against **Chicago Burr Oak Cemetery, LLC** for failing to appear, answer or otherwise plead in response to the Complaint asserted against it. On January 16, 2009, the Honorable Brigid Mary McGrath entered a default judgment against **Chicago Burr Oak Cemetery, LLC** in the total amount of $151,400 (the "Default Judgment").

On or about February 15, 2009, Defendants recorded the Default Judgment against the real property known as Burr Oak Cemetery. This real property was owned and operated by the Debtor.

On or about July 15, 2009, Defendants filed and served a Garnishment Summons (Non-Wage) and an Affidavit for Garnishment (Non-Wage) naming Bank of America as the Garnishee Defendant (the "Garnishment Action"). The Defendants listed Burr Oak Holdings of Illinois,

LLC and Chicago Burr Oak Cemetery as the Defendant (Judgment Debtor) in the Garnishment Summons.

On September 14, 2009, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Two days later, the Debtor filed this adversary proceeding, seeking a declaratory judgment in Count I and avoidance of a preferential transfer in Count II. Judgment was entered on Count II on October 13, 2009.

On May 24, 2011, this court entered an order confirming the Modified Second Amended Joint Chapter 11 Plan and Implementing Discharge and Channeling Injunction. The Plan became effective on June 16, 2011.

## LEGAL ANALYSIS

> In a motion for judgment on the pleadings, the court considers the pleadings alone, which consist of the complaint, the answer, and any written instruments attached as exhibits. . . . Where the plaintiff moves for judgment on the pleadings, 'the motion should not be granted unless it appears beyond doubt that the non-moving party cannot prove facts sufficient to support his position.'

Housing Authority Risk Retention Group, Inc. v. Chicago Housing Authority, 378 F. 3rd 596, 600 (7th Cir. 2004) (citations and quotation omitted).

The court notes that Smith and Blanchard attached several documents to their response to this motion. The court <u>cannot</u> review these documents without treating this matter as a motion for summary judgment:

> **(d) Result of Presenting Matters Outside the Pleadings.** If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d). It is unnecessary for the court to review matters outside the pleadings since the admissions in Smith and Blanchard's answer are, under the standard set forth by the Seventh Circuit, sufficient for the court to grant judgment on the pleadings.

Many of the material facts are not in dispute. Smith and Blanchard sued and obtained a default judgment against **Chicago Burr Oak Cemetery, LLC**. They recorded that judgment against the real property at 4440 West 127th Street in Alsip, which is owned by **Perpetua-Burr Oak Holdings of Illinois, LLC d/b/a Burr Oak Cemetery**. The Real Property is <u>not owned</u> by Chicago Burr Oak Cemetery, LLC, the entity against which judgment was obtained. And the default judgment was <u>not entered</u> against Perpetua-Burr Oak Holdings of Illinois, LLC, the owner of the Real Property.

The Defendants listed **Burr Oak Holdings of Illinois, LLC** and **Chicago Burr Oak Cemetery** as the Defendant (Judgment Debtor) in the Garnishment Summons. Neither of those entities, however, was the defendant against which the default judgment was entered. The entity against which the default judgment was entered is **Chicago Burr Oak Cemetery, LLC**.

Defendants argue that when a summons is served upon a party and the circumstances are such as to indicate that he is the person intended to be sued, he is subject to the judgment even though the process and judgment do not refer to him by his correct name. <u>Ingram v. MFA Insurance Co.</u>, 18 Ill. App. 3rd 560 (Ill. App. Ct. 2nd Dist. 1974). This is known as the misnomer rule, and is codified in the Illinois Code of Civil Procedure: "Misnomer of a party is not a ground for dismissal but the name of any party may be corrected at any time, before or after judgment, on motion, upon any terms and proof that the court requires." 735 ILCS 5/2-401 (West 2011). Defendants assert misnomer as an affirmative defense in their answer.

As the Illinois Appellate Court explained:

A misnomer occurs when a plaintiff brings an action and a summons is served upon a real party in interest but the process and complaint are styled in other than the party's correct name. If the plaintiff does not sue the proper party under the wrong name but instead mistakenly sues the wrong party, the misnomer rule does not apply.

Sharpness v. Grondfelt, 307 Ill. App. 3rd 676, 679 (Ill. App. Ct. 2nd Dist. 1999) (citations omitted). "[M]isnomer is recognized where plaintiff sues and serves the right party but by the wrong name, as opposed to naming the wrong party. The pivotal determination is whether plaintiff actually serves the real party in interest with a copy of the complaint and summons, within the time limits allowed by law, so that actual notice of the complaint that has been lodged against it and notice of the need to respond has been given to that party in interest, albeit incorrectly named." Yedor v. Centre Properties, Inc., 173 Ill. App. 3rd 132, 137-138 (Ill. App. Ct. 1st Dist. 1988) (citations omitted).

Defendants argue that this court should conduct an evidentiary hearing to determine whether Debtor had notice of the state court suit, as was done in Ingram v. MFA Insurance. In Ingram, plaintiff obtained a default judgment. Defendant filed a special appearance seeking to quash the summons. The motion to quash was denied after testimony was taken regarding service of process. Defendant appealed. All of this inquiry was made in the state court lawsuit in the context of the motion to quash the summons.

In Smith and Blanchard's state court lawsuit, the Sheriff of Cook County served CT Corporation, which coincidentally was the registered agent of both Chicago Burr Oak Cemetery, LLC and the Debtor. Simply because Chicago Burr Oak Cemetery, LLC and the Debtor share the same registered agent, however, does not mean that CT Corporation gave notice to the Debtor. Indeed, it would be inappropriate for CT Corporation to advise one of the entities for which it serves as a registered agent that another entity was served with a complaint and summons, even if their names sound similar or their physical address appears to be the same.

Moreover, the issue of whether the Debtor had notice of the state court lawsuit is not appropriately considered by this court; the misnomer statute allows a plaintiff to correct the name

of the party <u>in the action in which that party is incorrectly identified</u>. This adversary proceeding is not that action.

The misnomer statute might have provided Smith and Blanchard with a remedy, but it is not a remedy that they chose to take advantage of. Despite being on notice at least since September 16, 2009 – when they were served with the summons and complaint in this proceeding – that the entity against which they obtained a default judgment did not own the Real Property, Smith and Blanchard took no action. They might have sought relief from the automatic stay, to the extent it applied, to try to resolve the situation in state court. They did not. This court can act only on the facts before it, not on what might have been.

There is no doubt that Chicago Burr Oak Cemetery, LLC is not and never was the Debtor. It was the defendant in Smith and Blanchard's state court lawsuit, but it did not own the real property against which Smith and Blanchard recorded their judgment.

In their answer, Smith and Blanchard also raised the affirmative defense that Chicago Burr Oak Cemetery, LLC was used as an assumed name, and that the Debtor failed to comply with the Illinois Assumed Name Act. They attached to their answer as Exhibit 2 the LLC File Detail Report for Perpetua-Burr Oak Holdings of Illinois, LLC. This undated report indicates that an inactive assumed name for the Debtor was **Chicago Burr Oak Cemetery**. Exhibit 4 to the answer is Debtor's October 15, 2008 application to adopt the assumed name of **Burr Oak Cemetery, LLC**.

However, neither of these documents raise a plausible argument that **Perpetua-Burr Oak Holdings of Illinois, LLC** operated at any time under the assumed name of **Chicago Burr Oak Cemetery, LLC**. "Burr Oak Cemetery, LLC" is not the same as "Chicago Burr Oak Cemetery, LLC."

Having reviewed each of Defendants' arguments, the court finds that it appears beyond doubt that Defendants cannot prove facts sufficient to support their position. Defendants obtained a judgment against **Chicago Burr Oak Cemetery, LLC**. That entity does not own the Real Property. It is therefore appropriate to grant Plaintiff's motion for judgment on the pleadings on Count I. Defendants have not obtained a default judgment, or any other type of judgment, against the Debtor. Defendants have improperly clouded title to the Real Property by recording the Default Judgment against it.

Date: OCT 1 8 2011

PAMELA S. HOLLIS
United States Bankruptcy Judge